# SUPREME COURT OF PENNSYLVANIA.

### APRIL TERM, 1790.

#### GEYER's Lessee *v.* IRWIN.

#### *Privilege.*

A member of the general assembly is privileged from arrest, summons, citation or other civil process, during attendance on his public business, but the benefit of his privilege must be duly claimed at a proper time.

*Semble,* that his suits cannot be forced to a trial and decision, while the session of the legislature continues.

THIS ejectment, depending in Allegheny county, was marked for trial on the list of causes at *nisi prius.* The defendant's attorney, after looking at the papers of the opposite party, confessed judgment.

But now, *Lewis,* producing an affidavit of a just and legal defence, moved to set aside the judgment, on the ground, principally, that the defendant was a member of the general assembly, attending his public duty at Philadelphia, at the time of marking the cause for trial, and confessing the judgment. He said, that the attorney had been compelled, either to go to trial, or to confess judgment ; and that not being possessed of his client's proofs, he had preferred the latter course ; but he insisted, that during the session of the legislature, every member was privileged against the necessity of attending to his private suits ; and that, therefore, the cause had been irregularly placed upon the trial list.

*Ingersoll,* for the plaintiff, denied, that the legislative privilege extended to the present case ; and urged, that even if it was a case of privilege, the attorney had waived it, by omitting to object at the proper time.

BY THE COURT.—A member of the general assembly is, undoubtedly, privileged from arrest, summons, citation or other civil process, during his attendance on the public business confided to him. And we think, that upon principle, his suits cannot be forced to a trial and decision, while the session of the legislature continues.

But every privileged person must, at a proper time, and in a proper manner, claim the benefit of his privilege. The judges *are not bound, judicially, to notice a right of privilege, nor to grant it, without a claim. In the present instance, neither the defendant, nor his attorney, suggested the privilege, as an objection to the trial of the cause ; and this

amounts to a waiver, by which the party is for ever concluded. We are, therefore, unanimously of opinion, that the judgment cannot now be set aside or opened.